```
                    United States District Court
                      District of Massachusetts
_____
                                    )
SHARON SANKEY,                      )
        Plaintiff,                  )
                                    )
            v.                      )   Civil Action No.
                                    )   10-11815-NMG
AURORA LOAN SERVICES, LLC,          )
        Defendant.                  )
_____ )
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff, Sharon Sankey ("Sankey"), represented pro se, brings this action against Aurora Loan Services, LLC ("Aurora") for intentional misrepresentation and violations of the Massachusetts Consumer Protection Act (Mass. Gen. Laws, ch. 93A).

## I.  Factual Background

In April, 2007, Sankey obtained a purchase-money loan secured by a mortgage to purchase a residential property at 73 Worcester Street #2, Boston, Massachusetts ("the Property") from GN Mortgage, LLC.  On March 17, 2009, the mortgage and note were assigned to Aurora.

From April, 2007 through October, 2008, Sankey made regular mortgage payments.  In October, 2008, she started to fall behind in her payments and, in May, 2009, Aurora sent Sankey a letter indicating that she may be eligible to participate in the Home Affordable Modification Program ("HAMP").  Sankey was approved

for a three-month trial modification with the lender's option to make the modification permanent. She made modified payments of $2,618.44 from November, 2009 through June, 2010. Those payments were applied to the November, 2008 through January, 2009 mortgage payments on which she had defaulted, leaving approximately 18 months unpaid (February, 2009 through June, 2010). Aurora claims that the outstanding debt on the note is $647,082.64. The parties contest the current value of the Property.

Aurora denied Sankey's request for permanent modification three times: in January, March, and June of 2010. Thereafter, Sankey did not make the required payments and she received a notice of a foreclosure sale scheduled for July, 2010. In July, 2010, Sankey was denied a permanent modification a fourth time based on her inability to afford even the modified monthly payments. Sankey filed for bankruptcy under Chapter 7 and the foreclosure sale was stayed.

In August, 2010, Sankey was notified that Aurora was unable to review her package of financials due to missing items. On September 15, 2010, Aurora obtained relief from the stay by demonstrating that there was no equity in the property and that the property was not necessary for reorganization, and reinitiated foreclosure proceedings. The bankruptcy matter is ongoing.

Sankey alleges that Aurora's pattern of conduct is to induce

borrowers to continue to make payments based on an illusory promise that it will provide a HAMP modification and that this constitutes intentional misrepresentation.  Sankey also claims that Aurora's violations of the HAMP guidelines constitute unfair and deceptive practices in violation of Chapter 93A.  Specifically, she alleges that Aurora violated HAMP guidelines by

> (a) failing to convert Plaintiff's trial modification to a permanent modification at the end of a three month period; (b) inducing Plaintiff to make payments in excess of the three month trial period; (c) failing to provide written acknowledgment of a borrowers' loan modification within 10 business days, and failing to send a trial modification package to eligible borrowers within 30 calender days; (d) resuming foreclosure action while the borrower is being evaluated for eligibility under HAMP; and [(e)] failing to properly evaluate Plaintiff's eligibility under HAMP.

(citations to HAMP regulations omitted).  She seeks preliminary and permanent injunctions preventing the foreclosure auction, actual and statutory damages, attorney's fees, a declaratory judgment that Aurora violated the HAMP statute and all other relief available at law or in equity.

## II.  Procedural History

On October 22, 2010, Sankey filed her complaint in the Massachusetts Superior Court for Suffolk County and the case was removed to federal court by the defendant on October 26, 2010.  A foreclosure auction was originally scheduled for October 29, 2010, but, after Sankey obtained a temporary restraining order in Superior Court, the foreclosure auction was rescheduled for

November 16, 2010.  She now moves for a preliminary injunction to prevent Aurora from further proceeding with the foreclosure auction until the instant action is resolved.

On November 3, 2010, the Court convened a motion hearing at which counsel for Aurora more fully explained why Sankey was denied a loan modification.  Aurora contends that, pursuant to HAMP, Sankey was denied because her income was insufficient relative to her mortgage payment obligations and her equity in the Property.  Sankey acknowledged that her alleged damages consist primarily of the sum of the eight modified payments that she made between November, 2009, and June, 2010.

### III. Analysis

#### A.   Legal Standard

To obtain a preliminary injunction, the plaintiff must demonstrate: 1) a substantial likelihood of success on the merits, 2) a significant risk of irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) a fit (or lack of friction) between the injunction and the public interest.  Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003)(citation omitted).  Because the plaintiff represents herself pro se, her pleadings are to be liberally construed in her favor.  Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990).

**B.   Application**

Sankey claims that Aurora did not properly evaluate her application for a permanent loan modification. In January, 2010 her application was denied because "No modification terms available to comply with HAMP HTI/NPV requirements." There was no explanation of the denial in the rejection letter. Plaintiff was denied again in March and June of 2010 because her "monthly housing to income ratio [was] too high to qualify." Finally, her application was denied again in July, 2010 based on her inability to afford even the modified monthly payments. Sankey did, however, continue to make modified payments through June, 2010. Thus, Sankey sufficiently raises a question as to whether Aurora was reviewing her loan modification application in good faith and in compliance with the HAMP requirements.

Nevertheless, Sankey has not adequately shown that, but for Aurora's alleged misrepresentations, she would have received a permanent loan modification and avoided foreclosure. Thus, her likelihood of success on both counts is suspect. Although she made eight temporary modified payments, she remains delinquent with respect to 20 monthly payments and her loan is in default. She has not explained why, under HAMP, she is entitled to or even eligible for a permanent modification. Moreover, a lender is not required to modify all eligible loans. Simmons v. Countrywide Home Loans, Inc., No. 09cv1245, 2010 WL 2635220, at *5 (S.D. Cal.

June 29, 2010)(holding that the Servicer Participation Agreement for HAMP "does not state that [the lender] must modify all mortgages that meet the eligibility requirements only that it is required to consider them").  Thus, even if Aurora acted in bad faith, Sankey is not likely to prevail because she does not have a substantial likelihood of proving that she would have otherwise received a modification.

Likelihood of success on the merits is the critical factor in the analysis.  Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993) (citations omitted).  Because Sankey has not met her burden of showing a substantial likelihood of success on the merits, the Court will deny her motion for a preliminary injunction.

## ORDER

In accordance with the foregoing, the motion for a preliminary injunction (Docket No. 5) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 4, 2010